## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DAVID DAVISON,                          :

                                        :

      **Plaintiff**                   :          **CIVIL ACTION NO. 3:15-1373**

                                        :

      **v.**                          :          **(JUDGE MANNION)**

                                        :

STACEY LYNN KENNEDY, *et al.*,          :

                                        :

      **Defendants**                  :

## M E M O R A N D U M

## I.   INTRODUCTION

Presently before the court is a motion to dismiss plaintiff David Davison's complaint, (Doc. 11), filed by the Pennsylvania Board of Probation and Parole ("Board")[1], Parole Agent Christopher Taylor, Parole Supervisor Michael Novak, and Parole Agent Douglas Sheaffer ("Parole Defendants"). Also named as defendants are Parole Agents John Doe and Jane Doe, and Stacey Lynn Kennedy.[2] This case involves a March 2015 incident in which the plaintiff was arrested by defendant parole agents on a parole violation after an incident in which defendant Kennedy alleged plaintiff raped her. Plaintiff

---

[1] The complaint incorrectly refers to the Pennsylvania Board of Probation and Parole as the Pennsylvania Department of Probation and Parole. *See* 61 Pa.C.S. §6101.

[2] Defendant Kennedy was served with the complaint and failed to timely respond to it. To date, Parole Agents John Doe and Jane Doe have not been identified and served with the complaint despite the fact that the complaint was filed well over 120 days ago.

was incarcerated on the parole violation charge for several days until police indicated plaintiff would not be criminally charged. Defendant Kennedy was later criminally charged and convicted of giving police a false report about plaintiff. 18 Pa.C.S. §4906(b)(1).

The plaintiff brings his civil rights complaint pursuant to 42 U.S.C. §1983 and asserts that he was deprived of his rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. Plaintiff also asserts several state law claims. For the reasons discussed below, the motion to dismiss of Parole Defendants will be **GRANTED IN PART** and **DENIED IN PART**.

## II.    FACTUAL BACKGROUND

The following allegations are taken from the plaintiff's complaint.[3] According to the complaint, on March 25, 2015, the plaintiff was inside his approved residence in Clarks Summit, Pennsylvania and arrested on a parole violation after an incident involving defendant Kennedy. At the time, plaintiff was a parolee under the supervision of the Board. On March 25, 2015, defendant Kennedy gave a statement to police and parole authorities alleging that on March 20, 2015, plaintiff entered the backdoor of her residence, threw her on the couch, forcefully held her down, and raped her. Plaintiff alleges

---

[3]The facts alleged in plaintiff's complaint must be accepted as true in considering the defendant's motion to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 F.App'x 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

that on March 25, 2015, defendants Taylor and Sheaffer along with several unidentified police officers entered his residence, arrested him, and charged him with violating his parole for sexually assaulting Kennedy. Plaintiff alleges that defendants Taylor and Sheaffer violated his parole without conducting any further investigation into Kennedy's accusations even though she did not have any signs of physical injury and, without waiting until police finished their investigation to see if plaintiff would be criminally charged. Plaintiff was then detained at the Lackawanna County Prison ("LCP") from March 25, 2015 through April 7, 2015, on the parole violation charge, until police advised the Board that criminal charges would not be filed against him.

During plaintiff's confinement, i.e., on March 26 and 27, 2015, plaintiff's attorney allegedly was in possession of evidence that unequivocally established plaintiff's innocence and attempted to present the evidence to defendant Taylor. (Doc. 1, ¶26). However, defendant Taylor refused to consider the evidence on both dates which caused plaintiff's unlawfully detention in LCP to needlessly continue. (Id., ¶43).  Subsequently, on April 1, 2015, the Carbondale Police Department, after they conducted an investigation, contacted the Board and advised that they would not be pressing criminal charges against plaintiff. At this time, the police also requested that plaintiff be released from LCP. Despite the known lack of evidence against plaintiff, defendants Taylor and Sheaffer failed to release plaintiff from prison for another 6 days. On April 7, 2015, plaintiff was released from incarceration at LCP and the technical parole violation charge of sexual

assault was withdrawn by the Parole Defendants. Plaintiff also alleges that during his incarceration, he never received a parole violation hearing nor received a notice of a scheduled hearing. Subsequently, on May 20, 2015, Kennedy was criminally charged with False Reports to Law Enforcement Authorities and Unsworn Falsifications to Authorities.[4]

Plaintiff alleges that at no time did he violate any conditions of his state parole which warranted his incarceration and that he did not engage in any conduct that justified the actions taken by defendants Taylor and Sheaffer. Further, plaintiff alleges that defendants Taylor and Sheaffer knew that they were without authority to detain, arrest and prosecute him since he did not commit any parole violation or criminal offense, and that he was in compliance with all of the conditions of his supervision. Plaintiff alleges that the actions of Parole Defendants violated his constitutional rights. Plaintiff also asserts state law claims against Parole Defendants.

The court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and1343(a), and it can exercise pendent jurisdiction over the state law claims under 28 U.S.C. §1367. Venue is proper in this district since the defendants are located here and the claims accrued here.

---

[4]The plaintiff attached to his brief in opposition, (Doc. 20-1), a copy of Kennedy's Lackawanna County Criminal Docket indicating that on October 13, 2015, she plead guilty to the crime of "false reports to authorities-reported offense did not occur" regarding the alleged March 20, 2015 incident with plaintiff. This Docket can also be found at http://ujsportal.pacourts.us.

## III.   PROCEDURAL HISTORY

On July 14, 2015, the plaintiff commenced this action by filing, through counsel, a complaint. (Doc. 1). The complaint consists of two counts, the first of which alleges violations of the plaintiff's constitutional rights under the Fourth, Fifth and Fourteenth Amendments. Specifically, it alleges the "right to be free from unlawful detention, arrest, and malicious prosecution, [and] to be secure in his person and property and to due process and equal protection of the law." (Doc. 1, ¶60). Plaintiff also alleges that defendant Board "has encouraged, tolerated, ratified and has been deliberately indifferent to a pattern, practice and custom of: a. Unlawful arrest, detention and malicious prosecution by parole officers; b. Unlawful seizures by parole officers; c. Failure of parole officers to follow established policies, procedures, directives and instructions regarding the arrest and detention and subsequent prosecution of individuals under their supervision, including the Plaintiff; and d. Failure to give Plaintiff and others similarly situated a timely hearing." Plaintiff further alleges that defendant Board failed to properly train and supervise its agents. (Id., ¶'s 62-63). Plaintiff's constitutional claims are brought under §1983.

Plaintiff's second cause of action raises his state law claims. In particular, plaintiff alleges: "The acts and conduct of all Defendants... constitute assault and battery, false arrest and imprisonment, malicious prosecution, invasion of privacy, negligence, gross negligence, and negligent hiring, training and retention, and supervision under the laws of the

Commonwealth of Pennsylvania." (Id. ¶67).

In the complaint, the plaintiff seeks compensatory damages, punitive damages, attorney's fees, and costs. Plaintiff sues each parole officer defendant in his individual and official capacities.

On August 10, 2015, Parole Defendants executed waivers of service. After being granted an extension of time, the Parole Defendants filed a motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) on October 13, 2015. (Doc. 11). The Parole Defendants filed their brief in support on October 23, 2015. (Doc. 13). The plaintiff was granted an extension of time and filed his brief in opposition on January 11, 2016. (Doc. 20). No reply brief was filed.

## IV.   LEGAL STANDARDS

### A. Rule 12(b)(6)

The Parole Defendants brought their motion to dismiss pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (abrogating "no set of facts" language found in Conley

v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 544. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. at 545).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See* Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g.*, Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

### B. Section 1983

To state a claim under §1983, a plaintiff must meet two threshold requirements. A plaintiff must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). If a defendant fails to act under color of state law when engaged in the alleged misconduct, a civil rights claim under §1983 fails as a matter of jurisdiction, Polk Cnty. v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir.

1988). *See also* Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode).

## V.    DISCUSSION

The complaint alleges violations of the plaintiff's constitutional rights under the Fourth, Fifth and Fourteenth Amendments. It asserts causes of action for unlawful detention, false arrest, malicious prosecution, deprivation of due process and an equal protection claim. In addition to plaintiff's §1983 claims, he raises state law claims.

### A. Fifth Amendment

Insofar as plaintiff claims that his due process rights under the Fifth Amendment were violated, the court finds that these claims are subject to dismissal. The plaintiff has no Fifth Amendment claim since there is no alleged involvement by a federal actor. *See* Colon–Montanez v. Pa. Healthcare Serv. Staffs, 530 Fed.Appx 115, 118 (3d Cir. 2013) (due process claim under Fifth Amendment only applies to federal actors); *see also* Caldwell v. Beard, 324 Fed.Appx 186, 189 (3d Cir. 2009). Thus, the plaintiff's Fifth Amendment due process claims are **DISMISSED WITH PREJUDICE**. The court finds futility in allowing plaintiff leave to amend his Fifth Amendment claims since there is no federal actor defendant. *See* Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002) (complaints should not be dismissed without leave to amend unless "amendment would be inequitable

9

or futile").

### B. Eleventh Amendment Immunity

Parole Defendants have moved to dismiss plaintiff's complaint as against the Board on the grounds that the Eleventh Amendment bars the suit. Plaintiff concedes that the Board is immune from suit under the Eleventh Amendment. "Under the Eleventh Amendment, a plaintiff other than the United States or a state may not sue a state in federal court without the latter state's consent unless Congress abrogates the state's Eleventh Amendment immunity pursuant to a constitutional provision granting Congress that power." Chittister v. Dep't. of Community & Economic Dev., 226 F.3d 223, 226 (3d Cir. 2000). Subsidiary units of state governments are immune from suit under the Eleventh Amendment. Betts v. New Castle Youth Dev. Center, 621 F.3d 249, 253 (3d Cir. 2010); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347 (1974) (actions for damages against a state in federal court are prohibited by the Eleventh Amendment unless the state has waived its immunity).

Pennsylvania has specifically withheld consent to be sued in federal court: "Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." 42 Pa.C.S. §8521(b); *see also* 1 Pa.C.S. §2310; Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008) (Third Circuit held that Pennsylvania's probation and parole departments are entitled to Eleventh

Amendment immunity.).

Thus, Parole Defendants' motion is **GRANTED** with respect to the Board and the Board is **DISMISSED WITH PREJUDICE**.

### C. Official Capacity Claims

The complaint against the parole agent defendants in their official capacities is subject to dismissal. Plaintiff concedes this point. *See* Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under §1983."). Thus, Parole Defendants' motion is **GRANTED** with respect to the claims against the parole agent defendants in their official capacities and these claims are **DISMISSED WITH PREJUDICE**.

### D. Claims against Defendant Novak

Defendant Novak is a parole supervisor and there are no specific allegations against him. The only two individual defendants who are alleged to be personally involved with plaintiff's claims are Taylor and Sheaffer. It is well settled that a plaintiff in a §1983 civil rights action must show that each defendant was personally involved with the alleged violation of his constitutional rights. *See* Sutton v. Rasheed, 323 F.3d 236, 249-250 (3d Cir. 2003); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . Personal involvement can be shown through allegations

11

of personal direction or of actual knowledge and acquiescence.") Defendant Novak is impermissibly named on the basis of *respondeat superior*. Thus, defendant Novak is **DISMISSED WITHOUT PREJUDICE**.

### E. Claims against Defendant Kennedy

As noted, defendant Kennedy was served with the complaint at LCP and failed to timely respond to it. (Doc. 12). Nor has any counsel entered an appearance on her behalf. Despite being in default, see Fed.R.Civ.P.55, defendant Kennedy will be dismissed since she is not a state actor.

In a §1983 action, plaintiff must demonstrate, in part, that the defendant acted under color of state law. West v. Atkins, 487 U.S. at 48. In the present case, plaintiff fails to demonstrate that defendant Kennedy was a state actor. Since defendant Kennedy is not a state actor, plaintiff's constitutional claims against her under §1983 fail as a matter of law. Additionally, the court can dismiss Kennedy *sua sponte* since she failed to act under color of state law and plaintiff's claim under §1983 against her fail as a matter of jurisdiction. Polk Cnty. v. Dodson, 454 U.S. at 315. Liability would only attach to defendant Kennedy if she is alleged to have conspired with state actors. *See* Brookhart v. Rohr, 385 Fed.Appx. 67, 69 (3d Cir. 2010). Plaintiff's complaint does not allege that defendant Kennedy was acting under color of state law and was conspiring with any Parole Defendants with respect to their alleged conduct. Thus, defendant Kennedy is **DISMISSED WITHOUT PREJUDICE**.

### F. Equal Protection Claim

To the extent that plaintiff claims that Parole Defendants failed to give him and others similarly situated a timely parole revocation hearing and violated his Fourteenth Amendment rights, his pleading is patently deficient. It is well-settled that a litigant, in order to establish a viable equal protection claim, must show an intentional or purposeful discrimination. Snowden v. Hughes, 321 U.S. 1, 8 (1944); Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986); E & T Realty v. Strickland, 830 F.2d 1107, 1113-14 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *see also* Bierley v. Grolumond, 174 Fed.Appx. 673, 676 (3d Cir. 2006) ("To bring a successful equal protection claim under §1983, a plaintiff must prove the existence of purposeful discrimination, and demonstrate that he was treated differently from individuals similarly situated."). This "state of mind" requirement applies equally to claims involving (1) discrimination on the basis of race, religion, gender, alienage or national origin, (2) the violation of fundamental rights and (3) classifications based on social or economic factors. *See, e.g.*, Britton v. City of Erie, 933 F. Supp. 1261, 1266 (W.D. Pa. 1995), *aff'd*, 100 F.3d 946 (3d Cir. 1996); Adams v. McAllister, 798 F. Supp. 242, 245 (M.D. Pa.), *aff'd*, 972 F.2d 1330 (3d Cir. 1992).

Plaintiff fails to allege facts from which it can be concluded that the Parole Defendants engaged in intentional or purposeful discrimination or that he was treated differently from similarly situated individuals on the basis of his race or some other impermissible reason.

Nor has plaintiff stated an equal protection claim under the "class of one" theory. Under this "class of one" theory, "a plaintiff states a claim for violation of the Equal Protection clause when he 'alleges that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" Mosca v. Cole, 217 Fed. App'x. 158, 164 (3d Cir. 2007) (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff's equal protection claim under the "class of one" theory fails since he has not identified other similarly situated individuals from whom he was treated differently.

Consequently, plaintiff's equal protection claim is **DISMISSED WITHOUT PREJUDICE**.

### G. Qualified Immunity

Parole Defendants argue that they are entitled to qualified immunity. Parole officers acting in their administrative or executive capacities and who are not engaged in adjudicatory duties may be entitled to qualified immunity from suit. *See* Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). The doctrine of qualified immunity provides that government officials performing "discretionary functions," are shielded from suit if their conduct did not violate a "clearly established statutory or constitutional right[ ] of which a reasonable person would have known." Wilson v. Layne, 526 U.S. 603, 609 (1999); Saucier v. Katz, 533 U.S. 194, 200-01 (2001). Qualified immunity provides not only a defense to liability, but "immunity from suit." Hunter v. Bryant, 502 U.S.

14

224, 227 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). To determine whether Parole Defendants are entitled to qualified immunity, the court must analyze two factors: 1) whether the plaintiff has shown facts that make out a constitutional rights violation, and if so, 2) whether those rights were "clearly established" at the time of the incident. Pearson v. Callahan, 555 U.S. 223, 232 (2009); *see also* Perez v. Borough of Berwick, 507 Fed.Appx. 186, 192 (3d Cir. 2012) ("To determine whether the individual officers are entitled to qualified immunity, the District Court [is] required to consider whether, under the factual scenario of this case, the officers were reasonable to believe that their actions did not violate the [plaintiff's] clearly established rights.").

At the present stage of this case, and based on the above discussion, it is premature to determine whether the Parole Defendants are entitled to qualified immunity. *See* Williams v. Papi, 30 F.Supp.3d 306, 314 (M.D. Pa. 2014) ("[T]he Third Circuit has cautioned that 'it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases'") (quoting Newland v. Reehorst, 328 F.App'x. 788, 791 n.3 (3d Cir. 2009)). As in the *Williams* case, the court finds that "a determination of qualified immunity is inappropriate at the pleading stage" in the present case. *Id.* The plaintiff has stated cognizable constitutional claims under the Fourth and Fourteenth Amendments against the Parole Defendants. The plaintiff alleges that Taylor and Sheaffer arrested him for a parole violation without conducting a proper investigation despite inconsistencies with Kennedy's allegation. It is further

15

alleged that plaintiff's counsel presented exonerating evidence to the parole agents days after his confinement and that they deliberately ignored it. Plaintiff also alleges that after his arrest, the Carbondale Police Department conducted an investigation and on April 1, 2015, advised the Parole Board that they were not filing criminal charges against plaintiff. The police also requested that plaintiff be released from LCP. However, Plaintiff was not released from incarceration at LCP and the technical parole violation charge was not withdrawn until April 7, 2015 by the Parole Defendants.

It is well-settled that "[t]o prove malicious prosecution ... a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003); Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009); Piazza v. Lakkis, 2012 WL 2007112, *7 (M.D.Pa. June 5, 2012) (citation omitted). "[A] claim for malicious prosecution 'permits damages for confinement imposed pursuant to legal process.'" Piazza v. Lakkis, 2012 WL 2007112, *8 (citations omitted). Further, "a claim for malicious prosecution seeks to remedy 'the deprivation of liberty accompanying prosecution, not prosecution itself.'" Id. (citations omitted).

A false arrest claim under §1983 also has an element requiring that the

plaintiff show the criminal proceeding was initiated without probable cause. To succeed on a false arrest claim under §1983, the court in Kokinda v. Breiner, 557 F. Supp. 2d 581, 592 (M.D.Pa. 2008)*, stated:

> A claim under §1983 for false arrest/false imprisonment is grounded in the Fourth Amendment guarantee against unreasonable seizures. Garcia v. County of Bucks, 155 F.Supp.2d 259, 265 (E.D.Pa. 2001) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995)). To maintain his false arrest claims, "a plaintiff must show that the arresting officer lacked probable cause to make the arrest." *Id.* "Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." *Id.*
>
> "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under §1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). However, unlike a malicious prosecution claim, for which each criminal charge is analyzed independently, a false arrest claim will fail if there was probable cause to arrest for at least one of the offenses involved. Johnson, 477 F.3d at 75; see also Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994) (holding that for an arrest to be justified, "[p]robable cause need only exist as to any offense that could be charged under the circumstances").

*See also* Cummings v. City of Phila., 137 Fed. Appx. 504, 506 (3d Cir. 2005).

In order for Plaintiff to prevail on his malicious prosecution and false imprisonment claims under §1983, he must satisfy each of the above stated elements. Kossler v. Crisanti, 564 F.3d at 186. As stated, plaintiff was confined in LCP for several days despite the alleged lack of probable cause that he violated his parole and, the parole violation charge filed against him by defendants Taylor and Sheaffer was then dismissed.

Plaintiff also alleges that during his incarceration, he never received a

parole violation hearing nor received a notice of a scheduled hearing. In Butler v. Pa. Board of Probation and Parole, 613 Fed.Appx. 119, 124 (3d Cir. 2015), the Third Circuit stated:

> In the context of parole revocation, the Supreme Court set forth the minimum requirements of constitutional due process in Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). These include: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. See id. The revocation hearing must also "be tendered within a reasonable time after the parolee is taken into custody." Id.

Plaintiff has also made a showing of prejudice since he alleges that he was confined several days in prison without ever receiving notice of the parole violation charge and, he has shown that he was not convicted of any such charge. "A showing of prejudice is essential for a federal constitutional claim asserting denial of due process." Id. (citing Burkett v. Cunningham, 826 F.2d 1208, 1221 (3d Cir. 1987)).

Because the facts alleged in the complaint are sufficient to state plausible claims that Taylor's and Sheaffer's conduct violated plaintiff's Fourth and Fourteenth Amendment rights, fulfilling the first prong of qualified immunity in favor of the plaintiff, and the defendants have failed to demonstrate that the rights were not clearly established, the court cannot conclude that the defendants are entitled to qualified immunity at this time.

After discovery is conducted by the parties and the factual record is fully

18

developed, remaining Parole Defendants, Taylor and Sheaffer, may re-assert the qualified immunity defense in a summary judgment motion if appropriate. *See* Kopec, 361 F.3d at 777 ("defendant[] can still win on summary judgment if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances.") (citations omitted). The record does not support finding that defendants Taylor and Sheaffer are entitled to qualified immunity at this stage of the case. Thus, Parole Defendants' motion to dismiss is **DENIED** with respect to plaintiff's Fourth Amendment claims and Fourteenth Amendment due process claims against defendants Taylor and Sheaffer.

### H. John Doe and Jane Doe Defendants

The court finds that the claims against the unnamed parole officers, John Doe and Jane Doe, (collectively the "Doe Defendants"), must be dismissed under Fed. R. Civ. P. 4(m) because the plaintiff has failed to identify them and serve them within the 120 days after his complaint was filed. Rule 4(m) mandates the dismissal of the claims against the Doe Defendants because plaintiff has not served them with a summons within the 120-day period. Beckerman v. Weber, 317 F. App'x 125, 128 (3d Cir. 2008); Baumgardner v. Ebbert, 535 F. App'x 72, 77 n.7 (3d Cir. 2013). Since the plaintiff has not shown good cause for his failure to identify and serve the Doe Defendants and they can be dismissed on this procedural basis alone, the court deems it unnecessary to discuss the complete lack of any alleged

personal involvement by these defendants. Thus, the Doe Defendants are **DISMISSED WITHOUT PREJUDICE**.

### I. State Law Claims

Parole Defendants argue that plaintiff's state law claims should be dismissed since they are barred by sovereign immunity provided in 1 Pa.C.S.A. §2310. "[T]he proper test to determine if a Commonwealth employee is protected from liability pursuant to 1 Pa. Cons.Stat. Ann. §2310 and 42 Pa. Cons.Stat. Ann. §8522 is to consider whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity." Brautigam v. Fraley, 684 F.Supp.2d 589, 593 (M.D.Pa. 2010) (citing LaFrankie v. Miklich, 152 Pa.Cmwlth. 163, 618 A.2d 1145, 1149 (1992). The nine exceptions to sovereign immunity are: (1) the operation of a motor vehicle in the control or possession of a Commonwealth party; (2) health care employees; (3) care, custody or control of personal property; (4) Commonwealth-owned property; (5) potholes or other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. *See* 42 Pa.C.S.A. §8522(b).

Plaintiff's state law claims are assault and battery, false arrest and imprisonment, malicious prosecution, invasion of privacy, negligence, gross

negligence, and negligent hiring, training and retention and supervision. Defendants are parole officers, employees of the state, and it is clear that at all relevant times they were acting within the scope of their duties as parole officers. "[I]mmunity has been previously upheld for Commonwealth law enforcement officers by this court as well as by the courts of the state." Brautigam, 684 F.Supp.2d at 593 (citing Shoop v. Dauphin County, 766 F.Supp. 1327, 1333–1334 (M.D.Pa. 1991) (finding that state police officers had immunity pursuant to 1 Pa.C.S.A. §2310); Borosky v. Commonwealth, 46 Pa.Cmwlth. 252, 406 A.2d 256 (1979) (immunity upheld against claim versus Commonwealth for alleged false arrest by state troopers)).

None of the §8522 exceptions applies to the facts alleged in the complaint. Additionally, "[s]overeign immunity ... applies to Commonwealth employees in both their official and individual capacities, so long as the employees are 'acting within the scope of their duties.'" *Id*. (citing Larsen v. State Employees' Ret. Sys., 553 F.Supp.2d 403, 420 (M.D.Pa. 2008) ("Conduct of an employee is within the scope of employment if 'it is of a kind and nature that the employee is employed to perform; [and] it occurs substantially within the authorized time and space limits....'") (citation omitted)); *see also* Mitchell v. Luckenbill, 680 F.Supp.2d 672, 682 (M.D.Pa. 2010) ("Even where a plaintiff asks for monetary damages against a [state employee] in his individual capacit[y], sovereign immunity applies." (citation omitted).

However, plaintiff contends that state employees are not immune from

21

state law claims where their actions amount to actual malice or willful misconduct citing to 42 Pa.C.S.A. §8550. Plaintiff states that he has alleged that the actions of Parole Defendants were willful. He states that his alleged facts demonstrate that defendants were aware that his "incarceration without probable cause and/or due process was the substantially certain result of [their] actions." He also states that "[i]t is clearly alleged that the Defendants knew evidence existed which exonerated [him] and purposely ignored it, choosing instead to continue to incarcerate an innocent man." (Doc. 20, at 7).

"Sovereign immunity applies to intentional and negligent torts." Mitchell, 680 F.Supp.2d at 682 (citations omitted). "[W]illful misconduct does not vitiate a Commonwealth employee's immunity if the employee is acting within the scope of his employment, including intentional acts which cause emotional distress." Id. (citation omitted). Thus, plaintiff's contention that only negligent acts are protected by the state's sovereign immunity is incorrect. *Id.* (citations omitted); Brautigam, 684 F.Supp.2d at 594 ("the immunity provided by 1 Pa.Cons.Stat. Ann. §2310 is [not] abrogated with respect to individuals whose conduct constitutes a crime, actual fraud, actual malice or willful misconduct.") (citation omitted). Plaintiff is confusing the immunity for a state employee with the immunity created by statute for municipal employees regarding his cite to §8550. *See* Brautigam, 684 F.Supp.2d at 594.

It is not disputed that the alleged actions taken by Parole Defendants were taken in their capacity as parole officers and that they were acting within the scope of their employment with the Board. Thus, Parole Defendants'

motion is **GRANTED** with respect to all of plaintiff's state law claims in Count II and these claims are **DISMISSED WITH PREJUDICE**. Mitchell, 680 F.Supp.2d at 683.

## VI.   CONCLUSION

The plaintiff has stated cognizable §1983 claims of deprivation of his Fourth Amendment rights and Fourteenth Amendment due process rights under Count I against defendants Taylor and Sheaffer. As such, the Parole Defendants' motion to dismiss these claims is **DENIED**.

The Parole Defendants' motion is **GRANTED** to the extent that: 1) plaintiff's Fifth Amendment due process claim is **DISMISSED WITH PREJUDICE**; 2) the Parole Board is **DISMISSED WITH PREJUDICE**; 3) defendant Novak is **DISMISSED WITHOUT PREJUDICE**; 4) plaintiff's equal protection claim is **DISMISSED WITHOUT PREJUDICE**; and 5) all of plaintiff's state law claims in Count II are **DISMISSED WITH PREJUDICE**.

Additionally, defendant Kennedy is **DISMISSED WITHOUT PREJUDICE** and, the Doe Defendants are **DISMISSED WITHOUT PREJUDICE**.

An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 11, 2016**